J-A07014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
:
v.  :
:
:
TAYLOR GRANT MYERS  :
:
Appellant  :  No. 629 MDA 2023

Appeal from the PCRA Order Entered April 3, 2023
In the Court of Common Pleas of York County
Criminal Division at No:  CP-67-CR-0006189-2019

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:  **FILED JUNE 27, 2024**

Appellant, Taylor Grant Myers, appeals from the order of the Court of

Common Pleas of York County entered on April 3, 2023, which dismissed his

petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A.

§§ 9541-9546.  Upon review, we affirm.

The PCRA court summarized the relevant background as follows.

[Appellant] was charged by way of Criminal Information on
October 23, 2019, with Aggravated Indecent Assault of a Child
under 18 Pa.C.S. § 3125(b), Aggravated Indecent Assault under
18 Pa.C.S. § 3125(a)(7), two counts of Indecent Assault under 18
Pa.C.S. § 3126(a)(7), and one count of Corruption of Minors under
18 Pa.C.S. § 6301(a)(1)(ii).

A criminal jury trial commenced from September 21, 2020, to
September 23, 2020, where [Appellant] was represented by Korey

---

[*] Former Justice specially assigned to the Superior Court.

Leslie, Esquire ("Attorney Leslie"). After the three-day trial, [Appellant] was found guilty on all counts.

On December 30, 2020, [the trial court] sentenced [Appellant] to an aggregate of ten to twenty years' incarceration.

On July 19, 2022, [Appellant] filed a counseled [PCRA petition].

[Appellant] then subsequently filed his second, third, and fourth Amended PCRA Petitions.

On December 13, 2022, a PCRA Hearing was held.

After holding the evidentiary hearing, [Appellant]'s Amended PCRA Petition was denied on April 3, 2023.

On April 24, 2023, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania. On April 25, 2023, [the PCRA court] directed [Appellant] to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. § 1925(b) ["Statement"].

On May 17, 2023, [Appellant] filed a [Statement,] alleging the following errors on appeal:

I.     Whether the [PCRA court] erred by finding that trial counsel's testimony at the PCRA evidentiary hearing was credible and that trial counsel was not ineffective for deciding not to call character witnesses.

II.    Whether the [PCRA court] erred by finding trial counsel's decision not to call character witnesses reasonable considering that arrests that have not led to convictions may not be used to impeach character witnesses. *Commonwealth v. Scott*, 496 Pa. 188, 436 A.2d 607 (Pa. 1981).

PCRA Court Opinion, 6/13/23, at 2-3.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*,

- 2 -

54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.* Additionally, "[t]o be eligible for post-conviction relief, a petitioner must prove by a preponderance of the evidence that his conviction or sentence resulted from one of several enumerated circumstances, *see* 42 Pa.C.S. § 9543(a)(2)[.]" *Commonwealth v. Reid*, 235 A.3d 1124, 1143-44 (Pa. 2020).

On appeal, Appellant argues that the PCRA court erred in not finding trial counsel ineffective for failing to call character witnesses to testify.

> We begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Basemore*, 560 Pa. 258, 277 n.10, 744 A.2d 717, 728 n.10 (2000). To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In our Commonwealth, we have rearticulated the *Strickland* Court's performance and prejudice inquiry as a three-prong test. Specifically, a petitioner must show: (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or inaction; and (3) counsel's error caused prejudice such that there is a reasonable probability that the result of the proceeding would have been different absent such error. *Commonwealth v. Pierce*, 515 Pa. 153, 158–59, 527 A.2d 973, 975 (1987).

*Commonwealth v. Dennis*, 17 A.3d 297, 301 (Pa. 2011).

To establish whether counsel was ineffective for failing to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the

- 3 -

absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial. ***Commonwealth v. Clark***, 599 Pa. 204, 222, 961 A.2d 80, 90 (2008).

***Id.*** at 302.

At the evidentiary hearing, trial counsel testified that there were some discussions with Appellant about calling character witnesses but that the only potential character witnesses offered by Appellant were his parents. PCRA Court Opinion, 6/13/23, at 3 (citing N.T. PCRA Hearing, 12/13/22, at 11-14). Counsel opted not to call them because typically parents are not viewed as credible witnesses. ***Id.*** Appellant, on the other hand, argues that he readily provided several names of non-family witnesses to PCRA counsel and that he would have provided these names to trial counsel if character witnesses had been discussed. ***Id.*** (citing N.T. PCRA Hearing, 1213/23, at 41-42). Ultimately, the resolution of this issue presents a question of credibility.

As our Supreme Court has observed:

> A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts. ***See***, ***e.g.***, ***Commonwealth v. (Damon) Jones***, 912 A.2d 268, 293 (Pa. 2006); ***Commonwealth v. Santiago***, 855 A.2d 682, 694 (Pa. 2004) (Opinion Announcing the Judgment of the Court) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those determinations."); ***Commonwealth v. Abu–Jamal***, 720 A.2d 79, 99 (Pa. 1998) ("Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those determinations are binding on this [C]ourt."). Indeed, one of the primary reasons PCRA hearings are held in the first place is so that credibility determinations can be made; otherwise, issues of material fact could be decided on pleadings and affidavits alone.

*Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citations modified).

Viewed in the light most favorable to the Commonwealth as the prevailing party, and considering the other principles noted above guiding our review, we discern no abuse of the PCRA court's discretion in crediting Attorney Leslie's testimony over Appellant's testimony. Both testified, and the PCRA court, based on its assessment of the witnesses, credited counsel over Appellant. Based on the record before us, we are unable to disturb the trial court's assessment. *See Commonwealth v. Sanchez*, 262 A.3d 1283, 1288-89 (Pa. Super. 2021), *appeal denied*, 278 A.3d 853 (Pa. 2022) ("Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record." (citations omitted)).

Appellant next argues that trial counsel incorrectly advised Appellant that calling character witnesses on the stand would be risky based on the belief that Appellant's then-pending Risking Catastrophe charge would be introduced to impeach any potential character witness. Appellant's Brief at 16. No relief is due.

As aptly noted by the PCRA court, even if trial counsel was incorrect in believing that character witnesses could be asked about their knowledge of Appellant's arrest in connection with the then-pending charge for Risking

Catastrophe, Appellant's "argument still fails because there were no potential character witnesses offered to Attorney Leslie aside from [Appellant]'s parents." PCRA Court Opinion, 6/13/23, at 5-6.

Next, Appellant argues that trial counsel was ineffective for not investigating whether there were favorable character witnesses. Appellant's Brief at 16. This claim fails for the same reasons noted above. The record shows that trial counsel discussed the matter with Appellant, and that Appellant only provided the names of his parents as potential character witnesses. No other names were discussed or suggested. Additionally, Appellant fails to point out where in the record the facts are that should have triggered trial counsel's obligation to look further for character witnesses.

Because Appellant is unable to prove that trial counsel was ineffective for not calling character witnesses, we affirm the order appealed here.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/27/2024